UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-81184-CIV-RYSKAMP/VITUNAC

HARVE ROSENTHAL,

    Plaintiff,

v.

SHIRAZ, INC., d/b/a as
Hilton Palm Beach Airport, and
KHALIL PAKIDAH, individually,

    Defendant.
_____/

## ORDER GRANTING IN PART AND DENYING IN PART MOTION TO COMPEL AND ALLOWING SUPPLEMENTATION OF SUMMARY JUDGMENT MOTIONS

THIS CAUSE comes before the Court pursuant to Plaintiff Harve Rosenthal's ("Rosenthal") Second Motion to Compel, filed May 11, 2009 **[DE 91]**.[1] Defendants Shiraz, Inc. ("Shiraz") and Khalil Pakidah ("Pakidah") (collectively, "Defendants") responded on June 1, 2009 **[DE 93]**. Plaintiff did not reply. This motion is ripe for adjudication.

### I.    BACKGROUND

Rosenthal, a Caucasian-American male, was the General Manager of the Hilton Palm Beach Airport hotel in West Palm Beach, Florida from June 23, 2003 through June 23, 2006. Pakidah, CEO of Shiraz, was Rosenthal's immediate supervisor. Pakidah is Iranian. Rosenthal alleges that Pakidah was pleased with his performance as General Manager.

---

[1] The Court denied without prejudice Rosenthal's initial Second Motion to Compel, filed March 27, 2009, on April 24, 2009 for failure to comply with Local Rule 26.1.H.2.

On September 5, 2004 the hotel suffered major hurricane damage and closed temporarily. Rosenthal informed Pakidah of the damage, and Pakidah instructed Rosenthal to reopen as soon as possible. Rosenthal retained Munter's Restoration Services to begin clean-up, and restoration began on September 8, 2004. Pakidah told Rosenthal that he was pleased with the expeditious retention of a restoration company.

Rosenthal told Pakidah that the hotel's insurance agent suggested that the hotel obtain a private insurance adjuster due to the magnitude of destruction across the state. Pakidah told Rosenthal that if he acted in the role of private insurance adjuster Rosenthal would receive 10% of the insurance proceeds. Rosenthal negotiated, oversaw and otherwise worked with Shiraz's insurance provider. The insurance proceeds totaled approximately $1.1 million. The hotel opened twenty-nine days after the hurricane and proceeded to have a record financial year, resulting in the hotel's national rank improving from 162nd to 25th. Rosenthal credits himself for the success.

On March 28, 2006, Rosenthal e-mailed Pakidah about receiving his portion of the insurance proceeds. Pakidah terminated Rosenthal on June 23, 2006 for alleged non-performance. Fred Ghadini ("Ghadini"), who was allegedly less experienced and qualified than Rosenthal, became General Manager. Ghadini is Iranian. Rosenthal never received payment from the insurance proceeds.

Rosenthal brings a four-count Amended Complaint against Shiraz and Pakidah. Count I is a claim for national origin discrimination pursuant to 42 U.S.C. § 1981. Count II is a claim for breach of contract for alleged failure to pay 10% of the insurance proceeds. Count III is a claim for negligent misrepresentation, claiming that Defendants negligently misrepresented material

facts regarding the agreement that Rosenthal would 10% of the insurance proceeds.  Count IV alleges fraud, also in relation to the representation that Rosenthal would receive 10% of the insurance proceeds.

Rosenthal has moved to compel Defendants' responses to Rosenthal's first set of interrogatories, request for production of documents as to Pakidah, request for production of documents at Pakidah's deposition, request for production of documents as to Houman Etemadi ("Etemadi")[2], request for production of documents at Etemadi's deposition, and request for production of documents as to Shiraz.

## II.  LEGAL STANDARD

"Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party."  Fed.R.Civ.P. 26(b)(1).  Courts construe this language to permit "open disclosure of all potentially relevant information."  Burns v. Thiokol Chemical Corp., 483 F.2d 300, 307 (5th Cir. 1973).  The scope of discovery is limited, however.  The information sought must be relevant and not overly burdensome to the responding party.  Washington v. Brown & Williamson Tobacco Corp., 959 F.2d 1566, 1570 (11th Cir. 1992) (citing Trevino v. Celanese Corp., 701 F.2d 397, 406 (5th Cir. 1983)).  Discovery should be tailored to the issues involved in the particular case.  Id.  Local Rule 26.1.G.3(a) requires that all grounds for objections to discovery be stated with specificity.  Local Rule 26.1.G.3(a) also provides that "[a]ny grounds not stated in an objection [to a discovery request] within the time provided by the Federal Rules of Civil Procedure, or any extension thereof, shall be waived."

---

[2] Etemadi is a controller.  Although the Amended Complaint and Second Motion to Compel do not so state, the Court presumes that Etemadi is Shiraz's controller.

### III.   DISCUSSION

A.   **First Set of Interrogatories**

<u>Interrogatory 6</u>

*Request*:

Please state whether you, personally, or any company in which you have/had an ownership interest, has ever been a Plaintiff or Defendant in any litigation. If so, describe the nature of the litigation, including, but not limited to, the style of the case, case number, the date and place where filed, allegations in the complaint, names of the lawyers for each side and the outcome of each.

*Objection*:

Defendants object to this request as irrelevant, immaterial, overly broad, not reasonably limited in time or scope, and not likely to lead to the discovery of admissible evidence.

Rosenthal requests information on these and any other undisclosed lawsuits to show patterns of fraud and breach of contract by Defendants. Defendants supplemented their objection with two lawsuits involving allegations against Shiraz for underpayment, discrimination, defamation, and unpaid wages. Defendants respond that they have already provided all information known to them.

Rosenthal's request is overly broad in that it is not limited in time or scope. Rosenthal requests information regarding every lawsuit ever filed by or against Defendants, regardless of its content. Not all litigation is necessarily relevant for revealing patterns of fraud and breach of contract, especially litigation in which Defendants were plaintiffs. Even if Rosenthal had limited his request, Defendants maintain that they have already provided all information known to them regarding lawsuits in which they are or were a party. The Court denies Rosenthal's request to

compel more specific responses to Interrogatory 6.

### Interrogatory 7

*Request*:

> If you have terminated General Managers who were employed by a company in which you hold/held an ownership interest in the last ten years, please state for each: the individuals name, national origin, age, and the reason for termination.

*Objection*:

> Defendants object to this request as irrelevant, immaterial, overly broad, not reasonably limited in time or scope, and not likely to lead to the discovery of admissible evidence.

Rosenthal charges Defendants with violating Title VII for terminating him because of his national origin. Therefore, the name, national origin, age, and reason for termination of General Managers Defendants terminated over the past ten years are relevant to Rosenthal's discrimination claim.

Defendants contend that Rosenthal had opportunities to obtain this information at depositions, but Defendants offer no law or analysis as to why Rosenthal must seek this information via deposition. Indeed, written interrogatories may be a more convenient means of discovering administrative material of this nature. Rosenthal's decision to request information via interrogatories rather than at depositions does not bar Rosenthal from obtaining relevant information. Defendant is directed to respond to Interrogatory 7.

### Interrogatory 10

*Request*:

> Provide the names and addresses of each and every business property that you have or had an ownership interest within the last ten years.

*Objection*:

> Defendants object to this request as overly broad and not reasonably limited in time or scope.

Rosenthal requests this information to reveal Defendants' ownership interest in other entities that may have been sued under Title VII and/or for breach of contract. Defendants responded, listing three Shiraz properties located in Florida, Texas and Michigan. Defendants maintain that their response to Interrogatory 10 included all available information. Accordingly, the Court denies Rosenthal's request to compel more specific responses to Interrogatory 10.

Interrogatory 11

*Request*:

> State your opinion as to the Plaintiff's job performance for each year of his employment with you.

*Response :*

> Please see employment file of [Rosenthal] produced concurrently herewith. Defendant reserves the right to amend/supplement this answer.

Rosenthal contends that he needs more specific information to refute that his termination was justified and to show pretext. Defendants maintain that this information was already supplied in their answers to interrogatories, responses to request for production, and at the depositions of Pakidah, Houman Etemadi ("Etemadi"), and Fred Ghadimi ("Ghadimi"). Significantly, Defendants have presented Plaintiff with his personnel file. Defendants have adequately answered this interrogatory.

7

**B.     Request for Production of Documents to Pakidah**

*Request*:

Copies of any and all e-mails, correspondence, documents, memos, documents between Khalil Pakidah and any employees of Shiraz, Inc. regarding (1) Harve Rosenthal's compensation plan, salary, pay structure, bonus structure, and/or employee benefits; (2) Harve Rosenthal's job performance; (3) Harve Rosenthal's termination, including, but not limited to, reasons, basis of termination, decision-makers, replacements, etc.

*Response:*

None.

Rosenthal requests these records to refute Defendants' allegations that Rosenthal's termination was justified and to show pretext.  Additionally, Rosenthal explains that records of his compensation and benefits are needed to show Defendants' alleged failure to pay him for services performed restoring the hotel after the hurricane.  Pakidah notes that he provided all requested information to Rosenthal on September 19, 2008 in response to Rosenthal's First Request to Produce, dated July 30, 2008.  Rosenthal does not refute this assertion.  Pakidah has adequately responded to this request for production of documents.

**C.     Request for Production of Documents at Pakidah's Deposition**

Pakidah's deposition occurred on January 16, 2009.  Rosenthal requested certain documents from Pakidah several months prior to the deposition.  The documents in question include Pakidah's files containing letters regarding Shiraz, Pakidah's emails as well as written documentation of any asset management team at the hotel.  It is not clear how Rosenthal made this request, although it is evident that Rosenthal did not issue a formal request for production pursuant to Fed.R.Civ.P. 34.

Counsel for Defendants acknowledged at the beginning of the deposition that Pakidah did not have the documents but stated that Pakidah would provide the requested documents, and, if not, would explain why he was unable to do so.  According to Defendants, the counselors also agreed to reconvene the deposition in the event the documents produced contained additional unknown information.  Pakidah has not provided the requested documents and has provided no explanation for his failure to do so.

Although an attorney may make informal discovery request, such a request does not necessarily form a proper basis for a motion to compel:

> As a practical matter, many lawyers produce or exchange documents upon informal request, often confirmed by letter. Naturally, a lawyer's word once given, that a document will be produced, is the lawyer's bond and should be timely kept. Requests for production of documents may be made on the record at depositions.  *Depending upon the form in which they are made, however, informal requests may not support a motion to compel*.

James v. Wash Depot Holdings, Inc., 240 F.R.D. 693, 694-95 (2006)(quoting L.R. S.D. Fla., Discovery Practices Handbook, App. A)(emphasis added).  Defendant in James moved to compel production of Plaintiff's unemployment compensation records.  Id. at 695.  Defendant attempted to obtain the records via an informal request rather than a formal request or a subpoena pursuant to the Federal Rules.  Id.  James denied the motion to compel on the grounds that it did not stem from a formal discovery request, noting that

> [i]nformal requests for production line outside the boundaries of the discovery rules ..... Formal requests clearly implicate the duties of opposing parties to respond, pursuant to Fed.R.Civ.P. 34. Letters do not.  Formal requests may occasion sanctions, letters usually do not.  To treat correspondence between counsel as formal requests for production under Rule 34 would create confusion and

chaos in discovery.

Id. (quoting Sithon Maritime Co. v. Mansion, No. Civ. A. 96-2262-EEO, 1998 WL 182785, at *2 (D. Kan. Apr. 10, 1998)).  The motion to compel documents to be produced at Pakidah's deposition is denied because the request for the documents was not a formal request under the Federal Rules.

**D.**     **Request for Production of Documents to Etemadi**

*Request:*

> Copies of all (1) checks written on behalf of Shiraz, Inc. in 2004 and 2005 for work performed and for contracts by/between Mesirow Financial Company, Catalfumo Construction and Development, Inc., Munters Moisture Control Service, and E-Z Car Rental; (2) Copies of all contracts signed by Houman Etemadi on behalf of Shiraz, Inc. in 2003 through 2006 (3) copies of any e-mails, correspondence, documents, memos, documents between Khalil Pakidah and any employees of Shiraz, Inc. regarding Harve Rosenthal's job performance; (4) e-mails, correspondence, documents, memos, documents between Khalil Pakidah and any employees of Shiraz, Inc. regarding Harve Rosenthal's termination, including, but not limited to, reasons, basis of termination, decision-makers, replacements, etc.

*Response*:

> Rosenthal claims that Defendants responded "none" to each of these discovery requests save the request for documents Etemadi executed.  Defendants maintain that the request for all contracts Etemadi signed is overbroad.  Defendants, nevertheless, have supplied some of Etemadi's contracts.

Rosenthal claims he needs this information to refute Defendants' allegations that his termination was justified, to show pretext, to show Defendants' policies of dual signatures required for every Shiraz check issued and to show Defendants' knowledge and consent of Rosenthal's actions during his employ.

Defendants note that they provided the information requested in sections 1, 3 and 4 of this

request to Rosenthal on September 19, 2008 in response to Rosenthal's First Request to Produce, dated July 30, 2008.  Rosenthal does not refute this assertion.   Defendants have adequately responded to these requests.

A request for all contracts Etemadi signed from 2003 through 2006 is overbroad because it does not specify the type of contract or contracts requested.  Defendants confirm that they have provided some of these documents to Rosenthal.  Defendants need not supplement their response.

**E.      Request for Documents at Etemadi's Deposition**

Etemadi stated at deposition that "paperwork" existed regarding an employment discrimination suit in which Shiraz was the defendant.  Etemadi stated that he would provide those papers to Defendants' counsel.  Etemadi also testified that he would provide Defendants' counsel copies of any complaints, settlement agreements and all checks Shiraz wrote for lawsuits in which Shiraz was a defendant and provide an explanation of the basis and outcome of each suit.

Defendants need not respond to this portion of the motion to compel because it is not predicated on a formal discovery request.

**F.      Request for Production of Documents to Shiraz**

*Request 5*:

> All documents that relate to the renovation of the Hilton Palm Beach Airport hotel after the hurricane damage in September, 2004, including, but not limited to, retention of Munter's restoration services and insurance coverage with Meisrow Financial or other insurance providers.

*Response*:

11

> Additional documents pertaining to the renovation of the hotel after the hurricane damage in September of 2004 are enclosed, including documents pertaining to Rainbow Professional Roofing and Gruber Hall Corp. Additionally, documents pertaining to payments made to Mesirow Financial for insurance coverage are enclosed.

Rosenthal complains that he has not received copies of actual checks written to Rainbow Professional Roofing, Gruber Hall Corp., Mesirow Financial and Acken Signs. Rosenthal maintains that these checks are necessary to show that Rosenthal was "authorized in his actions" and to show Defendants' dual signature policy.

Defendants' response does not address this request for production. Defendants are directed to provide copies of any checks they have that relate to Rainbow Professional Roofing, Gruber Hall Corp. and Mesirow Financial. Rosenthal also complains that he did not receive any checks relating to Acken Signs, but the request made no mention of Acken signs. Defendant therefore need not provide this information as it relates to Acken Signs.

> *Request 6*:
>
> All documents that relate to the instructions to Rosenthal for him to secure contractors to perform the renovation work and to help facilitate the insurance company with the necessary estimates and bids to complete the restoration of the hotel.
>
> *Response*:
>
> None.

Rosenthal requests this information to refute Defendants' allegations that Rosenthal's termination was justified and to show Defendants' knowledge and consent of Rosenthal's actions. Defendants did not specifically address this request in their response to the motion to compel. Defendants are instructed to respond to this request to the extent that they have not done

so already.  It is hereby

ORDERED AND ADJUDGED that Rosenthal's Second Motion to Compel, filed May 11, 2009 **[DE 91]**, is GRANTED IN PART AND DENIED IN PART as explained herein. Defendants shall respond to the discovery requests within five days of the date of this Order.  It is further

ORDERED AND ADJUDGED that each party shall have until July 24, 2009 to supplement their cross-motions for summary judgment.  Each party moved for summary judgment on June 30, 2009.  The Court wishes to allow each party the opportunity to supplement these motions given that the responses to these discovery requests will be served after those motions were filed.  Each supplement shall not exceed four pages.  The responses to the motions for summary judgment shall be due ten days after the opposing party files its supplement.

DONE AND ORDERED in Chambers in West Palm Beach , Florida, this 7th day of July, 2009.

S/Kenneth L. Ryskamp
KENNETH L. RYSKAMP
UNITED STATES DISTRICT JUDGE